IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD FORD, | : | |
| Plaintiff | : | No. 1:20-cv-02333 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| BROOKE WOOD, PA-C, et al., | : | (Magistrate Judge Schwab) |
| Defendants | : | |

**MEMORANDUM**

Before the Court in the above-captioned action is a Report and Recommendation of Magistrate Judge Schwab (Doc. No. 60), recommending that the Court grant in part and deny in part a motion seeking summary judgment as to Plaintiff Edward Ford ("Plaintiff" or "Ford")'s Bivens claims based on the medical treatment he received while incarcerated at United States Penitentiary Allenwood ("USP Allenwood"), filed by Defendants Physician Assistant Brooke Wood, Clinical Director Brian Buschman, M.D., and Assistant Health Services Administrator Michael Magyar (collectively, "Defendants"). Upon consideration of the briefing filed in connection with the motion for summary judgment, Magistrate Judge Schwab's Report and Recommendation, Defendants' objections to the Report and Recommendation, the briefing related to those objections, and the applicable law, for the reasons provided herein, the Court will adopt the Report and Recommendation and will grant in part and deny in part Defendants' motion.

**I.  BACKGROUND**

On August 10, 2020, Plaintiff filed a pro se complaint in the United States District Court for the Eastern District of Pennsylvania alleging Bivens claims based on the medical treatment he received while incarcerated at USP Allenwood. (Doc. No. 2.) After the Court appointed counsel to represent Plaintiff, the case was transferred to this Court and assigned to Magistrate

Judge Schwab. (Doc. Nos. 8, 15.) In his complaint, Plaintiff asserts a <u>Bivens</u> claim against Physician Assistant Brooke Wood, Clinical Director Brian Buschman, M.D., and Assistant Health Services Administrator Michael Magyar.[1] (Doc. No. 2.) The basis of Plaintiff's claims is the medical care he received (or did not receive) for an infection he developed in his right foot and leg while incarcerated at USP Allenwood. (<u>Id.</u>) Plaintiff alleges that, although he informed Defendants about his infection, they failed to provide him with appropriate medical care, permitting the infection to spread, ultimately resulting in a partial amputation of his right foot and then a further amputation of his right leg below the knee. (<u>Id.</u>) Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (<u>Id.</u> at 7.)

On June 28, 2021, Defendants filed a motion for summary judgment and a statement of material facts. (Doc. Nos. 36-37.) After they filed a brief in support of their motion (Doc. No. 40), Magistrate Judge Schwab held a conference with the parties and thereafter issued an Order directing them to conduct limited discovery on the issue of whether Plaintiff had exhausted his administrative remedies (Doc. No. 42). After that period of discovery closed, Plaintiff filed an answer to the Defendants' statement of facts and a brief in opposition to Defendants' motion for summary judgment (Doc. Nos. 47-48), and Defendants then filed a reply brief (Doc. No. 49).

On March 4, 2022, Magistrate Judge Schwab held another conference with the parties, after which she ordered Defendants to file a revised statement of material facts and a supplemental brief in support of their motion for summary judgment. (Doc. No. 54.) Magistrate Judge Schwab also ordered Plaintiff to file a reply to Defendants' revised statement

---

[1] Plaintiff's complaint initially named Tina Palmeter, C.M.A., as an additional defendant; however, by stipulation, Plaintiff later dismissed her as a defendant in this case. (Doc. No. 43.)

of material facts and a supplemental brief in opposition to the motion for summary judgment. (Id.) On April 4, 2022, Defendants filed their revised statement of material facts and supplemental brief (Doc. Nos. 56-57), and, on May 3, 2022, Plaintiff filed his response to Defendants' revised statement of material facts and his supplemental brief in opposition to Defendants' motion for summary judgment (Doc. Nos. 58-59).

In their motion for summary judgment, Defendants argue first that Defendant Buschman should be dismissed because he "is a public health service employee and, therefore, entitled to statutory immunity from Bivens claims arising out of the performance of medical functions within the scope of his employment." (Doc. No. 36 at 1.) Defendants then argue that Plaintiff "failed to properly exhaust his administrative remedies before initiating this Bivens action and, therefore, his claims are barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)." (Id.)

## II.   LEGAL STANDARD

The Magistrate Act, 28 U.S.C. § 636 et seq., and Rule 72(b) of the Federal Rules of Civil Procedure provide that any party may file written objections to a magistrate judge's proposed findings and recommendations. The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." See M.D. Pa. L.R. 72.3. When a party objects to a report and recommendation of a magistrate judge, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b); M.D. Pa. L.R. 72.3. The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See id.

## III. DISCUSSION

In her Report and Recommendation on the pending motion for summary judgment, Magistrate Judge Schwab recommends granting Defendants' motion as to Defendant Buschman because Plaintiff does not dispute that Defendant Buschman is entitled to summary judgment given that he has statutory immunity as to Plaintiff's Bivens claim as a United State Public Health Services employee. (Doc. No. 60 at 4.) Given the parties' agreement on this point, the Court will grant Defendants' motion in part as to Defendant Buschman.

Magistrate Judge Schwab recommends denying Defendants' motion in all other respects and rejecting Defendants' exhaustion argument as unavailing. (Id. at 18-30.) Defendants challenge this aspect of Magistrate Judge Schwab's recommendation, asserting four objections. The Court addresses each objection below after briefly summarizing Magistrate Judge Schwab's findings regarding Defendants' exhaustion argument.

### A. Magistrate Judge Schwab's Findings Regarding Administrative Exhaustion

After thoroughly reviewing the relevant law, including the Bureau of Prisons ("BOP") three-step administrative remedy process, Magistrate Judge Schwab summarizes the undisputed material facts relevant to Defendants' exhaustion argument as follows:

> Ford is currently housed at Butner Federal Medical Center. Ford filed 18 administrative remedy requests during his federal sentence, four of which were filed while he was at USP Allenwood and were filed before this current action.
>
> On January 7, 2020, Ford executed and submitted an informal resolution form requesting a surgical evaluation of wounds on his right leg. The next day, Assistant Health Services Administrator Magyar responded by explaining to Ford that a vascular surgery consult had been pending but had to be rescheduled due to the surgeon's availability.
>
> Ford then executed a BP-9 seeking monetary damages for losing half his foot. The BP-9 was received by the institution's Administrative Remedy Clerk and logged into SENTRY as Administrative Remedy No. 1005927-F1 on February 7, 2020. A few days later, the Warden responded with an explanation, and he advised Ford

on how to appeal the response to the Regional Office; the institution then closed the remedy request.

Ford then executed a BP-10, but the top portion of the BP-10 did not contain Ford's name, registration number, unit, or institution. In early March 2020, the Regional Office received Ford's BP-10 and logged it into SENTRY as Administrative Remedy No. 1005927-R1 ("R-1"). The Regional Office rejected R-1 on March 10, 2020, informing Ford that several pages were illegible and that identifying information was omitted. The Regional Office also informed Ford that he could resubmit the appeal within 10 days of the date of the rejection notice. Although Ford did not resubmit the appeal to the Regional Office within 10 days of March 10, 2022, he did later resubmit his Regional Office appeal ("Resubmitted BP-10"), and the Regional Office received it on April 21, 2020.

On May 18, 2020, Ford executed a BP-11, and the Central Office received it on May 26, 2020. On June 4, 2020, the Central Office logged Ford's BP-11 into SENTRY as Administrative Remedy 1005927-A1 ("A-1"). That same day, the Central Office rejected A-1, informing Ford that it concurred with the prior rejection and instructing him to "follow directions provided on prior rejection notices." Ford did not submit any additional administrative remedy requests or appeals related to his medical care after this.

On June 23, 2020, the Regional Office logged Ford's Resubmitted BP-10 into SENTRY as Administrative Remedy No. 1005927-R2. That same day, the Regional Office rejected Ford's Resubmitted BP-10 on the basis that Ford had failed to provide a copy of his BP-9 and that some of the pages of his submission were illegible. According to Ford, he never received a copy of the response to his Resubmitted BP-10. Ford submitted no additional administrative remedies related to his medical issues after his Resubmitted BP-10 was rejected. And none of the administrative remedies that he pursued have been decided on the merits by the Central Office.

(Doc. No. 60 at 14-18) (citations and footnotes omitted). The Court notes that, according to the above sequence of events, while the Regional Office received Plaintiff's Resubmitted BP-10 on April 21, 2020, it did not log it into the SENTRY[2] system until June 23, 2020. Given its relevance to the exhaustion issue, the Court also notes that, as discussed by Magistrate Judge

---

[2] "The BOP maintains a database known as the SENTRY Inmate Management System ("SENTRY")." Banks v. Thompson, No. 1:21-cv-00807, 2021 WL 4552162, at *3 (M.D. Pa. Oct. 5, 2021). "In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional, and Central Offices." Id.

Schwab, the BOP administrative remedy process contains a "deemed denied" provision whereby "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." (Doc. No. 60 at 12) (quoting 28 C.F.R. § 542.18).

Further, given its relevance to the Court's assessment of Defendants' objections, the Court highlights one aspect of the governing law discussed by Magistrate Judge Schwab in her Report and Recommendation—specifically, that the administrative remedy process may become unavailable under three circumstances: "(1) when the remedy 'operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) when it is 'so opaque that it becomes, practically speaking, incapable of use'; and (3) 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" See Hardy v. Shaikh, 959 F.3d 578, 584 (3d Cir. 2020) (quoting Ross v. Blake, 578 U.S. 632, 643 (2016)).

Based on the above sequence of events and relevant law, Magistrate Judge Schwab concludes that administrative remedies were unavailable to Plaintiff and, in doing so, addresses Defendants' argument in support of their motion for summary judgment that Plaintiff "had two paths to properly exhaust his claim: (1) he could have followed the Central Office's instructions and resubmitted his appeal to the Regional Office[;] or (2) he could have appealed the Regional Office's rejection of his Resubmitted BP-10." (Doc. No. 60 at 18.)

As to Defendants' first argument, Magistrate Judge Schwab concludes that the Central Office's June 4, 2020 instruction to Plaintiff to follow the directions provided at the regional level under circumstances where he had already resubmitted his BP-10 in accordance with the Regional Office's instructions was "so confusing as to render further administrative remedies

6

unavailable to him."  (Doc. No. 60 at 26.)   As she notes, at the time the Central Office rejected Plaintiff's appeal on June 4, 2020, stating "CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION FOR REJECTION.   FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION NOTICES," the Regional Office had not yet responded to Plaintiff's Resubmitted BP-10.   (Id.) (quoting Doc. No. 55-1 at 11).   Accordingly, Magistrate Judge Schwab concludes that the Central Office's provision of instructions to Plaintiff that he had already followed meant that its response operated as a "dead end" or otherwise rendered the appeal process "so opaque that it became incapable of use."   (Id. at 27.)

Magistrate Judge Schwab also relies on Hardy v. Shaikh, 959 F.3d 578 (3d Cir. 2020), a case where the Third Circuit addressed the circumstances that constitute a "misrepresentation" by prison staff sufficient to thwart an inmate from taking advantage of the administrative remedy process and held that:

> [T]o defeat a failure-to-exhaust defense based on a misrepresentation by prison staff, an inmate must show (1) that the misrepresentation is one which a reasonable inmate would be entitled to rely on and sufficiently misleading to interfere with a reasonable inmate's use of the grievance process, and (2) that the inmate was actually misled by the representation.

See id. at 588.   Magistrate Judge Schwab notes that it is undisputed that the Regional Office received Plaintiff's Resubmitted BP-10 on April 21, 2020, and, after thirty (30) days elapsed without a response, the relevant regulations permitted Plaintiff to deem the lack of response a denial and appeal to the Central Office.   (Doc. No. 60 at 28.)   She concludes that a reasonable inmate would be confused by the Central Office subsequent instruction to do something Plaintiff had already done (resubmit his BP-10 to the Regional Office), and that it is reasonable to find that Ford was confused by the instruction given that "there is nothing in the record suggesting that he was not confused, and he apparently accepted the Central Office's response as a final

7

rejection." (Id. at 29.) Accordingly, she concludes that "because the Central Office's instructions reasonably interfered with [Plaintiff's] ability to exhaust his administrative remedies, further administrative remedies were unavailable to [him]," and, therefore Defendants are not entitled to summary judgment based on Plaintiff's failure to follow the Central Office instructions. (Id.)

With regard to Defendants' second argument—that Plaintiff could have appealed the Regional Office's later (June 23, 2020) rejection of his Resubmitted BP-10—Magistrate Judge Schwab concludes that, given Plaintiff's averment that he never received that rejection notice, there is a genuine dispute of material fact as to whether he received that rejection notice and so whether further administrative remedies were available to him. (Id. at 30.) Accordingly, she also concludes that Defendants are not entitled to summary judgment on this basis.

### B.     Defendants' Objections to the Report and Recommendation

As noted above, Defendants assert four objections to Magistrate Judge Schwab's Report and Recommendation. Three of the objections relate to Magistrate Judge Schwab's conclusions regarding Defendants' first argument—that Plaintiff could have followed the June 4, 2020 Central Office instructions and resubmitted his appeal to the Regional Office in order to exhaust his administrative remedies.

First, Defendants argue that Magistrate Judge Schwab's Report and Recommendation depends on her "assumption that the Central Office Appeal was of a deemed denial of Plaintiff's Resubmitted [BP-10] rather than of the rejection of Plaintiff's Initial Regional Office Appeal" and maintain that such an assumption is "contrary to the record." (Doc. No. 61 at 7.) Defendants maintain that, since Plaintiff filed his Resubmitted Regional Appeal on April 21, 2020, under the relevant regulations, he was entitled to deem that appeal denied if he did not

8

receive a response by May 21, 2020. (Id. at 8.) They assert that the fact that the Central Office appeal was executed (signed) on May 18, 2020—prior to the thirty (30) days elapsing—although it was received and filed on May 26, 2020—means that Plaintiff could not have been appealing the Resubmitted [BP-10] but instead appealed his Initial Regional Office Appeal to the Central Office.[3] (Id. at 9.) Defendants argue that "the issue is not whether Plaintiff timely filed his Central Office Appeal but rather which one of his two Regional Office submissions was the subject of that appeal." (Doc. No. 61 at 9 n.2.) As noted by Plaintiff, Defendants offer nothing beyond this sentence to suggest why Magistrate Judge Schwab's conclusion that Plaintiff appealed the deemed denial of his Resubmitted BP-10 to the Central Office is in error. The Court finds this objection unavailing. The record evidence relied on by Magistrate Judge Schwab reflects that the basis of Plaintiff's Central Office appeal was a deemed denial of his Resubmitted BP-10 insofar as his appeal stated that "[o]n 4-13-20 I sent a BP-10 to: Regional Office . . . No reply as of 5-18-20." (Doc. No. 55-1 at 12.) The Court will overrule Defendants' first objection.

The Court next addresses Defendants' interrelated third and fourth objections, which attack Magistrate Judge Schwab's conclusion that "[t]he Central Office's instruction to [Plaintiff] to follow the directions provided at the regional level when [Plaintiff] had already resubmitted his BP-10 in accordance with the direction to do so was so confusing as to render further administrative remedies unavailable to him," and that it is "reasonable to conclude that [Plaintiff] was confused by the Central Office's instructions given that a reasonable inmate would be confused, there is nothing in the record suggesting that he was not confused, and he

---

[3] The Court notes that Plaintiff's Resubmitted Regional Appeal, while filed on April 21, 2020, was sent on April 13, 2020. (Doc. No. 58 at 3 ¶ 21.)

apparently accepted the Central Office's response as a final rejection."  (Doc. No. 60 at 26, 29.)

Defendants' third objection asserts that "[a]n instruction to 'FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION NOTICES' is objectively clear and not 'sufficiently misleading to interfere with a reasonable inmate's use of the grievance process.'"  (Doc. No. 61 at 6.)  Essentially, Defendants' argument in this regard boils down to their position that Judge Schwab erred in finding the Central Office instruction objectively misleading because, on its face, the instruction is clear.  (Doc. No. 61 at 14.)

The Court is unpersuaded by this argument.  The Court agrees with Magistrate Judge Schwab that the Central Office instruction to Plaintiff, coupled with the governing regulatory scheme, left Plaintiff with no clear way to exhaust his administrative remedies upon receipt of the Central Office's June 4, 2020 decision.  Regardless of whether the BOP regulations are necessarily opaque, under these circumstances the Court agrees with Magistrate Judge Schwab's conclusion that the Central Office instructions given to Plaintiff—in the context of the regulatory scheme—were so opaque as to be incapable of use and objectively confusing.

This is so because the sequence of events indicates that, in connection with its June 4, 2020 decision, the Central Office did not review Plaintiff's appeal of a deemed denial of his Resubmitted BP-10 (despite its receipt by the Regional Office on 4/21/20, it was not logged into the SENTRY system until 6/23/20) but instead stated that it "CONCUR[ED] WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION FOR REJECTION" and to "FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTIONS NOTICES."  (Doc. No. 55-1 at 11.)  At this point, Plaintiff had already filed a Resubmitted BP-10 subsequent to the Regional Office's rejection of his initial BP-10 in accordance with the Central Office instructions.  As pointed out by Plaintiff, the governing regulations did not permit him to ask for

reconsideration of the 6/4/20 Central Office decision, nor could the Regional Office review the Central Office decision. Further, as noted by Plaintiff, because his Resubmitted BP-10 was already deemed denied, he could not resubmit another appeal to the Regional Office. As indicated by the above description of the sequence of events, the root of the confusion caused by the June 4, 2020 Central Office instructions is the fact that Plaintiff's Resubmitted BP-10 was not logged into the SENTRY system until June 23, 2020, and therefore was not addressed by the Central Office's June 4, 2020 decision. The Court agrees with Magistrate Judge Schwab and Plaintiff that, upon receipt of the Central Office's June 4, 2020 instructions, Plaintiff was in a situation not contemplated by the regulations, supporting a conclusion that he exhausted administrative remedies as to that June 4, 2020 response. See Williams v. Priatno, 829 F.3d 118, 124 (2d Cir. 2016) (holding that, upon consideration of the regulatory scheme as a whole, when the regulations did not contemplate how plaintiff could obtain relief in his particular factual circumstances, he had exhausted his administrative remedies). The Court agrees with Magistrate Judge Schwab that, under the circumstances faced by Plaintiff, the instructions provided to him were "so opaque" as to be "incapable of use" and/or objectively misleading because "[a] reasonable inmate would be confused by the Central Office's instructions to do something he has already done." (Doc. No. 60 at 29.) The Court will overrule Defendants' objection on this point.[4]

---

[4] The Court finds unavailing Defendants' assertion that Plaintiff waived any argument that the June 4, 2020 Central Office instructions were "so opaque" as to be "incapable of use." (Doc. No. 61 at 12 n.4.) Upon completion of initial briefing on Defendants' motion for summary judgment, Magistrate Judge Schwab ordered the parties to submit supplemental filings in order to provide additional arguments regarding exhaustion. (Doc. No. 54.) As noted by both Magistrate Judge Schwab in her Report and Recommendation and Plaintiff in his brief in opposition to Defendants' objections, Plaintiff asserted the challenged argument in his supplemental brief in response to Defendants' revised statement of facts and supporting brief. (Doc. Nos. 60 at 27 n.9, 62 at 12 n.4.) As noted by Magistrate Judge Schwab, Defendants did

As to Defendants' related fourth objection—that Magistrate Judge Schwab erred in finding that the Central Office's misleading instruction actually misled Plaintiff—the Court is similarly unpersuaded.  In Hardy, the Third Circuit explained that "objectively misleading instructions can be circumstantial evidence" that an inmate "in fact did rely on the misrepresentation to his detriment."  See Hardy, 959 F.3d at 588.  While Hardy states that a "further showing . . . will typically be required," the Court agrees with Plaintiff that this is not a typical case where an inmate claims that he did not know about a step in the grievance process that was knowable.  Here, the Central Office's misleading instructions coupled with the governing regulations provided Plaintiff with no clear path to further exhaustion.  In Hardy, the Third Circuit stated that "the circumstantial evidence [that an inmate did rely on a misrepresentation to his detriment] can be overcome by evidence that an inmate actually knew how to navigate the grievance process."  See Hardy, 959 F.3d at 588.  As noted by Plaintiff, in challenging Magistrate Judge Schwab's finding on this point, Defendants have pointed to no such evidence in the record.  The Court will overrule Defendants' objection in this regard.

Defendants' final objection relates to their second contention in support of their claim that Plaintiff failed to exhaust administrative remedies—that Plaintiff could have followed a path to exhaustion by appealing the Regional Office's June 23, 2020 rejection of his Resubmitted BP-10.  (Doc. No. 61 at 10-11.)  As noted above, as to this argument, Magistrate Judge Schwab concludes that Plaintiff's averment that he never received the June 23, 2020 notice creates a genuine issue of material fact sufficient to defeat Defendants' motion for summary judgment on exhaustion grounds.  Defendants maintain that Magistrate Judge Schwab erred by concluding

---

not file a reply brief despite the fact that her Order "did not foreclose the defendants from filing, or at least requesting leave to file, a supplement[ary] reply brief."  (Doc. No. 60 at 27 n.9.)

that this averment creates a genuine issue of material fact because "[e]ven accepting as true Plaintiff's specious assertion that he never received this rejection notice, it cannot defeat summary judgment because it demonstrates the administrative remedy process remained available to Plaintiff."  (Doc. No. 61 at 6.)   Defendants argue that "[t]o the extent Plaintiff did not receive the rejection, the administrative remedy process remained available to him because it authorizes the Central Office to accept an untimely appeal where an inmate demonstrates a valid reason for delay."   (Id. at 11.)

The Court is unpersuaded by Defendants' objection in this regard and agrees with Magistrate Judge Schwab that this disputed issue is potentially material because Plaintiff's lack of receipt of the Regional Office June 23, 2020 response may have contributed to the confusion engendered by the Central Office's June 4, 2020 instructions to him.   The Court will overrule this objection.

## IV.     CONCLUSION

For all of the foregoing reasons, the Court will overrule Defendants' objections, adopt Magistrate Judge Schwab's Report and Recommendation, and grant in part and deny in part Defendants' motion for summary judgment.   An appropriate Order follows.